## CITY OF ROCKLAND *vs.* INHABITANTS OF UNION.

### Knox.    Opinion March 11, 1905.

*Pauper Settlement.    Residence and Taxing.    Intention. · Evidence.*

Neither the act nor the omission of the assessors in the assessment or non-assessment of a tax on an individual, can be evidence for or against a town on the question of the residence of such individual.

The assessment of a tax against a person is no admission on his part unless coupled with its payment or his recognition of it in some manner as an existing liability.

At the most the assessment or non-assessment of a tax but represents the opinion of the assessors upon the question of the residence or non-residence of the person at the time, and cannot be evidence of the fact itself before another tribunal.

In 1883 the pauper joined a Masonic lodge at Islesboro. Defendant town offered a deposition to prove that the rules governing the residential jurisdiction of Masonic lodges in Maine at that time required that an applicant must have been a resident of that town for six months prior to his joining the lodge. This regulation was not shown to have been brought to the pauper's notice or acted upon by him.

*Held:* that the evidence was properly excluded. All that it tended to prove as to the pauper's residence was the opinion of the persons who invited him to join the lodge and admitted him to membership, a matter irrelevant to the issue.

On motion and exceptions by defendants.    Overruled.

The case is stated in the opinion.

*D. N. Mortland and James E. Rhodes,* 2d, for plaintiff.

*R. I. Thompson and Joseph E. Moore,* for defendants.

SITTING:  EMERY, WHITEHOUSE, STROUT, SAVAGE, POWERS, JJ.

POWERS, J.    Action for pauper supplies furnished to one William L. Knowlton.    The case comes here on exceptions and motion by the defendants.

It was admitted that the pauper had his derivative settlement in the town of Lincolnville, but it was claimed by the plaintiffs that he acquired a settlement in the defendant town by having his home

there, without receiving pauper supplies, during the five years from his becoming of age on March 20, 1875, to March 20, 1880. Defendants did not claim that the pauper received any pauper supplies during that period or that he thereafter acquired a settlement in any other place. The issue at the trial therefore was narrowed down to the single question whether the pauper had his home in the defendant town for the five years named. This the defendants denied and claimed that the pauper left Union without any intention of returning to it as his home and lived in Rockland a part of that time. In support of their contention the defendants offered to prove that the pauper was not assessed a poll tax in Union during the years from 1875 to 1879 inclusive and that he was so assessed in Rockland from 1877 to 1880 inclusive, but made no claim that he had paid such tax or acknowledged it as an existing liability.

The first exception is to the exclusion of this evidence. This court has recently held for reasons which it is unnecessary to restate at length here that: "assessors of taxes are not agents of the town but public officers. Their acts in omitting to assess a tax against an individual are but expressions of their opinion, and not only do not conclude the town as to the fact of residence, but are not entitled to be considered as evidence upon that question." *Rockland* v. *Farnsworth,* 93 Maine, 178. Standing alone neither the act or omission of the assessors in the assessment or non-assessment of a tax on an individual can be evidence for or against a town on the question of the residence of such individual. The doings of its assessors in the assessment of taxes are not the acts or admissions of the town for they are not its agents. The assessment of a tax is no admission on the part of the pauper, unless coupled with its payment or his recognition of it in some manner as an existing liability. At the most the assessment or non-assessment of a tax but represents the opinion of the assessors upon the question of residence or non-residence of the pauper at the time, and cannot be evidence of the fact itself before another tribunal whose duty it is to determine that question, not by the opinion of others, but as they themselves find the fact.

The next exception is to the exclusion of the deposition of Stephen Berry. In 1883 the pauper joined a Masonic lodge at Islesboro.

He testified that he called his home in Union during the five years after he became of age, and that up to his marriage in 1887 he called his home in Union after March 20, 1880, just the same as before. The defendants did not claim that he ever acquired any settlement in Islesboro, but offered the deposition to prove that the rules governing the residential jurisdiction of Masonic lodges in Maine in 1883 required that an applicant must have been a resident of that town for six months prior to his joining the lodge, and thereby to illustrate the sense in which the pauper used the word "home." The pauper testified that he was at Islesboro one summer, that he did not know how long he had to be a resident in order to join the lodge, that he was asked to join and joined the lodge, and that he did not know whether he complied with the rules of the order as to residence when he joined. The deposition was properly excluded. It had no tendency to show the length of his residence in Islesboro before joining the lodge there. The regulation testified to was not shown to have been brought to his notice or acted upon by him. All that the deposition tended to show was the opinion of the persons, who invited him to join the lodge and admitted him to membership, as to the length of his residence in Islesboro. Their opinion has no probative force as evidence.

Neither can the defendant's motion be sustained. There was but one simple issue which under an unexceptionable charge the jury could not have failed to understand. There was scarcely any controversy at the trial over the material facts of the case. The question was, what was the logical and correct inference from those facts. Undoubtedly other men might have reached a different conclusion. The pauper's intention as to retaining and returning to Union as his home during his many and long absences therefrom in the five years in controversy, was a question of fact which a jury was peculiarly qualified to settle correctly. We find no such manifest error as would warrant disturbing their decision.

*Motion and exceptions overruled.*